Denio,. O. J.
The only objection to this will, now insisted upon by the. appellants’ counsel, relates to the implied direction for the. accumulation of the interest on the shares of the daughters, which it is argued is void by the provisions of the Revised Statutes; and it is contended that on this account the whole scheme of the will is frustrated, and that, all its dispositions should be pronounced void, so that the property may be distributed as in the case of intestacy. We have lately held that a void trust, for the accumulation of the interest of money, does not invalidate the gift of the principal; and the provision of the Revised Statutes to the. effect that in such cases, the income sought to be accumulated, shall belong to the persons presumptively entitled, to the next eventual estate has declared the sense of the legislature to the same effect. (Williams v. Williams, 4 Seld.., 538 ; 1 R. S., 726, § 40; id., 773, §2.) The limitation, therefore, *325 of the principal of the shares of the two daughters, after their deaths respectively, to their children, is a valid gift of an expectant estate in personalty, and will take effect according to the intention of the testator, whatever judgment we may form as to the disposition of the interest in the meantime. The application to be made of this interest is the only remaining question in the case. The testator evidently intended that there should be an accumulation of the interest upon these shares, in the event that such interest should not be needed for the support and maintenance of his daughters; for the money was to be invested upon interest, and was not to be paid to the daughters except in the case of the death of their husbands or of the inability of those husbands to support and maintain them, and on their deaths respectively the balance of the principal and interest was to be divided among the children. The duty of accumulating the interest, it is true, was contingent; but it was not the less, within the language and the reason of the statute, a direction for accumulation. Such a direction, in order to be valid, must be “ directed to be made for the benefit of one or more minors then in being, or in being at such death (the death of the testator), and to terminate at the expiration of their minority.” (1 R. S., 773, § 3, subd. 1.) If the only difficulty were that the direction to accumulate might extend to a period after the children should come of age, it would be void only “as respects the time beyond such minority.” (Id., § 4.) But there are other objections which cannot be overcome. The persons in whose favor the accumulation was directed to be made were not, by the will, required to be in being at the death of the testator. Where a gift is made to children, to take effect upon the termination of a particular estate, or upon the death of a person, such gift embraces not only the objects living at the death of the testator, but all who may subsequently come into existence before the period of distribution. (2 Jarman on Wills, 75, and cases cited in note a.) The children are to take as a class, *326 •and the' persons who may compose such class cannot be ascertained until the happening of the event, that is, the death of their mother. "Children born after the testator’s death would be equally entitled with those in being at his death. The statute does not allow a direction for accumula- ' tion for the benefit of such persons, but only for the'benefit of such as may be in existence and be ascertained at the time of the intestate’s death. Again, it is not required, by the terms of the will, that any of the children should be minors at the death of the testator, or while the interest is accumulating. The children are to take the accumulated interest, which may be on hand, at their mother’s death, without respect to their then age, or to their age at the period during which it was accumulated. For these reasons I think the direction for accumulation was void. The remaining inquiry is, to whom does that interest, as it shall be realized from the investments, belong. The Revised Statutes, as we have seen, provide in regard to estates in land, that “ when, in consequence of a valid limitation of an expectant estate, there shall be a suspense of the power of alienation or of the ownership, during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate” (§40). It is also pro- vided, that limitations of future or contingent interests in personal property shall be subject to the rules prescribed In relation to future estates in land. (1 R. S., 773, § 2.) Assuming that the daughters each had children at the death of the testator, some or all of whom are still living, a fact, however, not stated in the pleadings, but inferable from the arguments of counsel and the opinions of the judges of the Supreme Court, they are the persons presumptively entitled to the next eventual estate. I am of opinion that they take the whole of the interest upon their mother’s shares during the time they, continue to be thus presumptively entitled *327 As to the children born subsequent to the testator’s death, and those yet to be born, they are to come in and share in the income which may accrue after they become presumptively entitled to a share of the next eventual estate in the principal of the fund. This disposition of the income is, however, to be qualified by the provision that, in case of the death of the husbands of the daughters, or of either of them, or- of their or either of their inability to support or maintain their wives, the interest, or such part thereof as may be needed, and also a part of the principal,' if necessary, is to be diverted from the children and be paid to the daughters respectively. A question in principle precisely like the one which I have thus disposed of, came before Chancellor Walwokth, in Haxton v. Corse (2 Bark. Ch. 11., 506), and was decided in the same manner.
The judgment of the Supreme Court at the general term must be reversed, and the complaint be dismissed.
All the judges concurred, except Johnson and Shank-land, Js., who did not vote. Johnson, J., however, concurred in the propositions-that the trust for the accumulation was void, and that the property passed to the children, as stated in the opinion of Denio, C. J.
Judgment of general term reversed, and that of special term affirmed.